IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALEXIA SHREWSBURY,

                Plaintiff,

v.                                       CIVIL ACTION NO. 2:18-cv-00531

AMERICAN RED CROSS
MID ATLANTIC REGION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Raleigh County Board of Education's ("RCBOE") renewed motion to dismiss or, in the alternative, motion to transfer venue to the Beckley Division of the United States District Court for the Southern District of West Virginia. (ECF No. 6.) For the reasons discussed more fully below, the Court **GRANTS IN PART** and **DENIES IN PART** RCBOE's motion. (ECF No. 6.)

*I. BACKGROUND*

This case arises out of Plaintiff's donation of blood to Defendant American National Red Cross ("Red Cross") at a blood drive hosted by RCBOE at Independence High School, located in Coal City, Raleigh County, West Virginia. (ECF No. 1-1 at ¶ 5 (Compl.).) Plaintiff alleges that she was not provided adequate time to recover from her blood donation and, as a result, she fainted

and struck her head which has led to the development of Temporomandibular Joint Disorder. (*See id.* at ¶ 6.)

On February 28, 2018, Plaintiff filed the present action in the Circuit Court of Kanawha County, West Virginia, alleging negligence against Red Cross and RCBOE. (*See* ECF No. 1-1.) On March 30, 2018, RCBOE filed its motion to dismiss, or in the alternative, motion to transfer venue to Raleigh County, West Virginia. (*See* ECF No. 1-1 at 6 (Mot. to Dismiss).) A hearing on this motion was scheduled for May 22, 2018 in the Circuit Court of Kanawha County. However, on April 5, 2018, the Red Cross removed the case to this Court. (ECF No. 1.)

On April 19, 2018, RCBOE filed the present renewed motion to dismiss or, in the alternative, motion to transfer venue to the Beckley Division. (ECF No. 6.) Plaintiff timely responded to RCBOE's motion, (ECF No. 8), and RCBOE timely replied. (ECF No. 9.) As such, RCBOE's motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Such a transfer, however, is dependent upon the "weighing . . . [of] a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Fourth Circuit has established four factors that a district court should consider in deciding motions to transfer under § 1404(a): "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). Additionally, prior to

the Fourth Circuit's decision in *Trustees*, this Court has considered a slightly more detailed list of factors such as the following: "(1) ease of access to sources of proof; (2) the convenience of compulsory process; . . . (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *AFA Enters., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994); *see also Heuvel v. Navy Fed. Credit Union*, No. 3:16-cv-1839, 2016 WL 7155769, at *2 n.3 (S.D. W. Va. Dec. 7, 2016).

"It is well settled that the decision whether to transfer a matter to another district is committed to the sound discretion of the district court." *AFA Enters., Inc. v*, 842 F. Supp. at 908 (citations omitted). "The party seeking transfer carries the burden of showing that the current venue is inconvenient." *See Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 745 (S.D. W. Va. 2010) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010)).

### III. DISCUSSION

In its motion, RCBOE argues that this action should be dismissed for improper venue. (*See* ECF No. 7 at 3.) Specifically, RCBOE argues that venue is improper because, under West Virginia Code § 29-12A-13(a), actions against political subdivisions such as the RCBOE must "be brought in the county in which the situs of the political subdivision is located or the county in which the cause of action arose," which here would be Raleigh County, West Virginia. (*See id.*) RCBOE further argues that, in the alternative to dismissal, this action should be transferred to the Beckley Division pursuant to 28 U.S.C. § 1404(a).[1] (*See id.* at 4–8.)

---

[1] Plaintiff does not contest RCBOE's arguments for transferring venue, but instead argues that RCBOE's motion is untimely as it was filed outside of the 21-day limit provided in Federal Rule of Civil Procedure 81(c)(2). (*See* ECF No. 8.) However, as RCBOE correctly notes, that rule provides that defenses to an action must be filed within 21 days of service of a plaintiff's complaint or seven days from the notice of removal *only* if the defendant did not answer before removal. *See* Fed. R. Civ. P. 81(c)(2). Here, in response to Plaintiff's Complaint, RCBOE did file a motion to dismiss or, in the alternative, to transfer venue before the case was removed. (*See* ECF No. 1-1 at 6.) As RCBOE answered before the case was removed, the time restrictions in 81(c)(2) do not apply here. Accordingly, RCBOE's

3

As a preliminary matter, the Court notes that this action could have been brought in the Circuit Court of Raleigh County and removed to the Beckley Division of this Court. Determining whether venue is proper is generally guided by 28 U.S.C. § 1391, which provides, in pertinent part, that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "Venue is proper in each district that is the situs of a substantial part of the events or omissions giving rise to the claim," and, as such, "venue may lie in more than one district." *C.H. James & Co. v. Fed. Food Marketers Co.*, 927 F. Supp. 187, 189 (S.D. W. Va. 1996) (citation omitted).

Here, Plaintiff's injuries stem from Defendants' alleged negligence in caring for Plaintiff after she donated blood in Raleigh County, West Virginia. (*See* ECF No. 1-1 at ¶ 5.) Raleigh County, West Virginia, is encompassed by the Beckley Division of the Southern District of West Virginia. As such, all contested acts or omissions giving rise to Plaintiff's claim occurred in the Beckley Division. Accordingly, venue in the Beckley Division is proper. *See Leonard*, 718 F. Supp. 2d at 744 (finding that venue lied in the transferee district where "[t]he events or omissions giving rise to the plaintiffs' claims all occurred in the [transferee district]").

Additionally, the above cited factors weigh in favor of transferring this action to the Beckley Division. First, although the Court recognizes that ordinarily great weight is given to a plaintiff's choice of forum, Plaintiff here does not contest or even address any of RCBOE's arguments for transferring venue. (*See supra* note 1.) Additionally, none of the allegations in Plaintiff's Complaint have any connection to the present venue. Furthermore, neither Plaintiff nor Defendants reside or have their principal place of business in the present venue. *See Heuvel*,

---

renewed motion was timely.

2016 WL 7155769, at *2.  (*See also* ECF No. 1-1 at ¶¶ 1–3.)  Therefore, the Court applies this presumption in favor of Plaintiff's forum choice with less force.  *See Klay v. AXA Equitable Life Ins. Co.*, No. 5:08cv118, 2009 WL 36759, at *3 (N.D. W. Va. Jan. 6, 2009) ("'[W]here the plaintiff's choice of forum is a place where neither the plaintiff nor the defendant resides and where few or none of the events giving rise to the cause of action accrued,' that choice weighs less in the Court's consideration." (quoting *Ion Beam Applications, S.A. v. Titan Corp.*, 156 F. Supp. 2d 552, 563 (E.D. Va. 2000))).

Second, as to the ease of access to relevant evidence, it is uncontested that a substantial portion, if not all, of the relevant evidence in this case is located in Raleigh County.  (*See, e.g.*, ECF No. 7 ("To the extent there is any physical evidence in this case, the evidence is likely located in Raleigh County, West Virginia as that is where the incident occurred . . . .  Records of the [RCBOE] are stored in Raleigh County.  The Plaintiff is believed to have sought treatment in Raleigh County, thereby making her medical records accessible in Raleigh County.").)  Therefore, the Court finds that the ease of access to relevant evidence weighs in favor of transfer.

Third, as to the convenience of witnesses and the parties, it is uncontested that Plaintiff resides and RCBOE operates in Raleigh County.  (*See* ECF No. 1-1 at ¶¶ 1–3.)  Furthermore, although neither RCBOE nor Plaintiff identify specific witnesses that would be called to testify in this action, it is uncontested that Plaintiff's medical provider and any persons with knowledge of relevant facts are likely located in Raleigh County.  (*See* ECF No. 1-1 at ¶ 5; ECF No. 7 at 7.)  Therefore, there will be some burden for Defendants and witnesses to travel outside of Raleigh County to the present venue for court appearances.  Accordingly, this factor also weighs in favor of transfer.

Lastly, as to the interests of justice, the Court finds that this factor weighs in favor of transfer. This factor is broad and "encompasses public interest factors aimed at systemic integrity and fairness." *Heuvel*, 2016 WL 7155769, at *4 (quoting *Lycos, Inc. v. TiVo, Inc.*, 499 F.Supp.2d 685, 695 (E.D. Va. 2007)). "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* (quoting *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)).

Here, West Virginia Code § 29-12A-13(a) requires all actions against political subdivisions, such as RCBOE, be brought in the county in which the subdivision is located or the county in which the action arose. W. Va. Code § 29-12A-13(a). As RCBOE is located in Raleigh County and the events that gave rise to this action occurred in Raleigh County, this action against RCBOE would have been required to be filed in Raleigh County if not for the fact that the Red Cross is subject to federal jurisdiction and therefore was able to remove this action to the present Court. Additionally, RCBOE only operates in Raleigh County. Furthermore, Plaintiff does not contest that the allegations in this case were isolated to Raleigh County and had no nexus to Kanawha County or the Charleston Division. Thus, the Court finds that there is a public interest in resolving this litigation in a more local forum.

Based on the balancing of these factors and Plaintiff's lack of response to the contentions in RCBOE's motion, the Court finds that RCBOE has met its burden to demonstrate that transfer of this litigation is necessary "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964). Accordingly, the Court **GRANTS IN PART** RCBOE's

motion insofar as it requests this matter be transferred to the Beckley Division. As the Court is transferring this matter to the Beckley Division, the Court **DENIES IN PART** RCBOE's motion insofar as it requests dismissal of this action for improper venue.

## IV. CONCLUSION

For the reasons discussed herein, The Court **GRANTS IN PART** RCBOE's motion insofar as it requests this action be transferred to the Beckley Division but **DENIES IN PART** the motion insofar as it requests this action be dismissed. (ECF No. 6.) The Court further **TRANSFERS** this action to the Beckley Division of the United States District Court for the Southern District of West Virginia with all in person hearings to be held at the Beckley United States Courthouse, 110 North Heber Street, Beckley, West Virginia 25801. The undersigned will continue to preside over this action.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 25, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE